MICHAEL C. GERAGHTY
ATTORNEY GENERAL

Jessica L. Srader (Alaska Bar No. 0412105)
Assistant Attorney General
State of Alaska, Dept. of Law
P.O. Box 110300
Juneau, AK 99811-0300
Telephone (907) 465-3600
Facsimile (907) 465-2520
Email: jessica.srader@alaska.gov

*Attorney for Defendants*
*Richard Welsh and Mark O'Brien*

Dario Borghesan (Alaska Bar No. 1005015)
Assistant Attorney General
State of Alaska, Dept. of Law
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501-1994
Telephone: (907) 269-5274
Facsimile: (907) 278-7022
Email: dario.borghesan@alaska.gov

*Attorney for Defendant James Cantor*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| DAVID E. OLSON; a resident of Washington; and ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaskan Corporation for the use and benefit of David E. Olson,<br><br>Plaintiffs,<br><br>v.<br><br>MARK O'BRIEN; a resident of Alaska; JAMES CANTOR, a resident of Alaska; and RICHARD WELSH, a resident of Alaska;<br><br>Defendants. | Case No. 3:11-cv-000245-JWS<br><br>**DEFENDANTS' RESPONSE TO NOTICE OF FEDERAL CLAIMS SURVIVING** |

*Olson, et al. v. O'Brien, et al.*     Court Case No. 3:11-cv-00245-JWS
DEFENDANTS' RESPONSE TO NOTICE OF FEDERAL CLAIMS SURVIVING     Page 1 of 17
Case 3:11-cv-00245-JWS   Document 61   Filed 06/26/14   Page 1 of 17

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

## I. Introduction

This case involves a subcontractor who disagrees with state administrative and judicial denial of its request for additional payment under a state construction contract. In the state court proceedings, plaintiffs Absolute Environmental Services, Inc. (AESI) and David Olson, through general contractor, North Pacific Erectors (NPE),[1] levied due process claims against the State of Alaska, challenging the process by which the agency decision-maker made his decision, the reasoning of the decision itself, and the roles of certain state agency officials in the decision-making process.[2] Plaintiffs specifically alleged that Defendants, Department of Transportation and Public Facilities ("DOTPF") Contracts Officer Mark O'Brien, Assistant Attorney General Richard Welsh, and then-Chief Assistant Attorney General, Jim Cantor[3] played an improper role in the administrative proceedings and that they conspired to deprive plaintiffs of due process, contract rights, and business expectancies. After allowing plaintiffs to conduct discovery, and after holding a trial *de novo* at which plaintiffs fully litigated their allegations of improprieties, due process violations, and interference with contract rights or business expectancies, the superior court rejected plaintiff's claims.[4] The superior court held that plaintiffs were afforded due process and a fair hearing; that neither Mark O'Brien nor Richard Welsh were biased against Plaintiffs; that none of the state officials had played an

---

[1] NPE hired plaintiff AESI to remove asbestos in the State Office Building in Juneau, Alaska. AESI claimed that site conditions increased its costs, and through NPE, asked for additional payment. There is no meaningful distinction between Plaintiffs AESI/Olson and NPE. *See* Docket 1, Complaint at ¶31; Exh. A (Decision on Appeal, Case No. 3AN-09-09085 CI, Alaska Superior Ct., Dec. 30, 2011) at 31 n. 78.

[2] *See* Exh. A at 17-18, 20-29. Defendants request the court take judicial notice of court records. *See MGIC Indem. Co. v. Weisman*, 803 F.2d 500, 505 (9th Cir. 1987); *Betker v. U.S. Trust Corp. (In re Heritage Bond Litig.)*, 546 F.3d 667, 670 n.1, 673 n.8 (9th Cir. 2008); *Sheikh v. Medical Board of California*, 2010 WL 2793551, *2 (E.D. Cal.).

[3] Jim Cantor is now the Deputy Attorney General.

[4] *See* Exh. A at 44-46.

*Olson, et al. v. O'Brien, et al.*     Court Case No. 3:11-cv-00245-JWS
DEFENDANTS' RESPONSE TO NOTICE OF FEDERAL CLAIMS SURVIVING    Page 2 of 17
Case 3:11-cv-00245-JWS   Document 61   Filed 06/26/14   Page 2 of 17

improper role in the proceeding; and that the administrative decision-maker's resolution on the matter was reasonable. The Alaska Supreme Court affirmed the superior court's judgment.[5]

While their appeal to the Alaska Supreme Court was pending, plaintiffs filed the instant collateral attack against O'Brien, Welsh, and Cantor—the same agency officials they previously identified as violating plaintiffs' due process and contract rights. The complaint asserts due process claims under 42 U.S.C. § 1983 and a number of related provisions, a civil RICO claim, and state law claims for violation of AS 39.52.120, interference with a business expectancy, fraud and conversion—all of which arise from the same alleged conduct and are premised on the same set of facts as the preexisting state proceeding.[6] Because those issues and allegations were resolved through the state proceedings, plaintiffs' claims in the instant action are barred by collateral estoppel and *res judicata*.

## II.     Factual and Legal Issues Litigated and Decided

All of the claims in plaintiffs' federal complaint arise from the same set of facts and circumstances and are premised on the same issues and allegations that were fully litigated and decided in the preexisting, parallel state proceedings. Like the state case, plaintiffs' federal complaint claims that defendants wrongfully interfered in the administrative decision-making process, engaged in *ex parte* communications with the hearing officer, and usurped the role of the final decision maker. Just as they did in the state court proceedings, plaintiffs here allege that their due process rights, contract rights, and business expectancies were violated and/or interfered with by the actions of O'Brien, Welsh, and Cantor in the course of the state administrative proceedings.

### A.     The state court has already determined that plaintiffs were not denied a contract right or business expectancy.

At the heart of plaintiffs' federal complaint are the assertions that they were entitled to additional compensation and/or that the Defendants unlawfully denied or interfered

---

[5] Dissatisfied with the Alaska Supreme Court's decision, Plaintiffs filed a petition asking the Alaska Supreme Court for a re-hearing of the case. That petition was denied. They then petitioned the United States Supreme Court for review, which was also rejected.

[6] *Compare* Docket 1 (Complaint for Damages) *with* Exh. A at 1-2.

*Olson, et al. v. O'Brien, et al.*                                                                         Court Case No. 3:11-cv-00245-JWS
DEFENDANTS' RESPONSE TO NOTICE OF FEDERAL CLAIMS SURVIVING                                         Page 3 of 17
Case 3:11-cv-00245-JWS   Document 61   Filed 06/26/14   Page 3 of 17

with their rights, benefits, or business expectancies under a construction contract with the State.[7] But plaintiffs' underlying construction contract claims were litigated and resolved following an administrative hearing, an administrative appeal and trial *de novo* before the Alaska Superior Court, and ultimately, an appeal to the Alaska Supreme Court.

The final agency decision concluded that: (1) reasonable investigation would have revealed the exposed pan deck and its embossing, and it was AESI's failure to reasonably anticipate the condition—rather than a differing site condition—that caused any unplanned expense and/or delay; [8] (2) AESI failed to establish a claim of superior knowledge;[9] and (3) "even if AESI had carried its burden by establishing the existence of a differing site condition, it failed to maintain and present proof of damages as expressly mandated by the contract." [10]

The Alaska Superior Court affirmed the agency's final decision, concluding that: (1) DOTPF had a reasonable basis for its conclusions regarding AESI's failure to conduct a pre-bid investigation; [11] (2) plaintiffs "could have learned all they needed to know by a simple inspection;"[12] (3) "DOTPF did not err in concluding that DOA did not occupy 'so uniquely-favored a position with regard to the information at issue that no ordinary bidder in the plaintiff's position could reasonably acquire that information without resort to the State;"[13] (4) the record-keeping provisions of the construction contract were unambiguous;[14] and (5) "DOTPF did not err

---

[7] *See* Docket 1 at ¶¶ 14-31, 73, 79.

[8] *Compare* Exh. B (Agency Decision, dated June 25, 2009) at 11 *with* Docket 1 at ¶¶ 16-17, 20-21, 24-25.

[9] *Compare* Exh. B at 14 *with* Docket 1 at ¶ 18.

[10] *Compare* Exh. B at 18-19 *with* Docket 1 at ¶¶ 38-39.

[11] *Compare* Exh. A at 38 *with* Docket 1 at ¶¶ 16-17, 20-21, 24-25, 43.

[12] *Compare* Exh. A at 42 *with* Docket 1 at ¶¶ 16-17, 20-21, 24-25, 43.

[13] *Compare* Exh. A at 42 *with* Docket 1 at ¶¶ 18.

[14] *Compare* Exh. A at 46 *with* Docket 1 at ¶¶ 20-21, 24, 39.

*Olson, et al. v. O'Brien, et al.*     Court Case No. 3:11-cv-00245-JWS
DEFENDANTS' RESPONSE TO NOTICE OF FEDERAL CLAIMS SURVIVING     Page 4 of 17
Case 3:11-cv-00245-JWS Document 61 Filed 06/26/14 Page 4 of 17

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

by declining to excuse NPE's failure to comply with the record keeping requirement of the claims process or by imposing the consequence expressly identified by the contract for such a failure."[15]

The Alaska Supreme Court affirmed the final administrative agency decision and the superior court decision, concluding that: (1) plaintiffs could have conducted their own research and were not dependent on the Department of Administration as the only reasonable avenue for acquiring information about the project;[16] and (2) even if plaintiffs could prevail on their differing site condition claim, plaintiffs' failure to substantially comply with the damages and records provision of the contract would bar recovery.[17] In short, plaintiffs' alleged losses, if any, were already determined to be the result of their own conduct.

**B. The state court has already determined that defendants did not act unlawfully in the administrative proceedings and that plaintiffs were not deprived of due process or a fair hearing.**[18]

The dominant theme of plaintiffs' state court appeals was that Defendants played an improper role throughout the administrative adjudication. In that case they claimed that Defendants Welsh, O'Brien, and/or Cantor interfered with and/or impermissibly influenced the decision-making process and that Defendants' participation in the final agency decision deprived plaintiffs of due process and/or a fair hearing—as they do in this case.[19] In both the federal and state proceedings, plaintiffs presented a long list of alleged constitutional infirmities with respect to Defendants' participation in the administrative proceedings,[20] alleged lack

---

[15] *Compare* Exh. A at 47 *with* Docket 1 at ¶¶ 20-21, 24, 39.

[16] Exh. C (Supreme Court Opinion, *North Pacific Erectors, Inc. v. State*, ___ P.3d ___, S-14606, dated September 6, 2013) at 2, 23.

[17] Exh. C at 2, 29.

[18] *See* Docket 1 at ¶¶ 32-70, 72-82.

[19] *Compare* Docket 1 ¶¶ 35-68, 72, 74-75, 81 *with* Exh. D (Notice of Appeal and Statement of Points).

[20] Exh. D at 5-26. Indeed, plaintiffs' complaint in this case and their statement of points on appeal to the Alaska Supreme Court are almost identical. *Compare* Docket 1 *with* Exh. D at 5-26.

*Olson, et al. v. O'Brien, et al.*     Court Case No. 3:11-cv-00245-JWS
DEFENDANTS' RESPONSE TO NOTICE OF FEDERAL CLAIMS SURVIVING     Page 5 of 17
Case 3:11-cv-00245-JWS Document 61 Filed 06/26/14 Page 5 of 17

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

of impartiality,[21] failure to adopt plaintiffs' view of the facts and law,[22] and failure to adopt the hearing officer's recommended decision.[23] Like this case, the plaintiffs' case in state court specifically challenged O'Brien's and Welsh's roles as "alleged ghostwriters" in the crafting of the final agency decision.[24] In both proceedings Plaintiffs claimed that Defendants' conduct deprived plaintiffs of constitutional and/or contractual rights.[25]

The plaintiffs' recent filing fails to mention that the superior court allowed discovery and held a limited trial *de novo* to determine the information relied on and the roles played by Richards, Cantor, Welsh, and O'Brien in the decision-making process.[26] The superior court made findings of fact at the conclusion of the trial *de novo*,[27] and on December 30, 2011—after the parties submitted supplemental briefing—the court issued a decision rejecting plaintiffs' claims and affirming the administrative decision.[28] Notably, the court found that the DOTPF Deputy Commissioner, as final decision maker, was not bound by the hearing officer's recommendation and could rely on his staff to review the hearing officer's recommended decision and/or provide advice on whether to adopt or change it.[29] The court also found that plaintiffs had provided "no argument that convince[d] the court that the participation of [O'Brien] or [Welsh] in the decision making process that evaluates a hearing officer's recommended decision . . . will necessarily result in a loss of neutrality."[30] The superior court rejected plaintiffs' claims that

---

[21] *Compare* Docket 1 at ¶ 72 *with* Exh. D at 15-20, ¶¶61-80.

[22] *Compare* Docket 1 at ¶ 72 *with* Exh. D at 13-15, ¶¶50, 54-60.

[23] *Compare* Docket 1 at ¶ 72 *with* Exh. D at 13-14, 19 ¶¶50-54, 74-75.

[24] *Compare* Docket 1 at ¶¶ 49-56, 59-66, 72, 77 *with* Exh. A at 3.

[25] *Compare* Docket 1 at ¶¶ 35-68, 72, 74-75, 81 *with* Exh. D.

[26] Exh. A at 3.

[27] Exh. A at 5-11.

[28] Exh. A at 2, 11, 17, 19, 21, 22, 26-30, 38, 40, 43, 47.

[29] Exh. A at 15, 19-20.

[30] Exh. A at 21.

*Olson, et al. v. O'Brien, et al.*     Court Case No. 3:11-cv-00245-JWS
DEFENDANTS' RESPONSE TO NOTICE OF FEDERAL CLAIMS SURVIVING     Page 6 of 17
Case 3:11-cv-00245-JWS    Document 61    Filed 06/26/14    Page 6 of 17

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

Welsh or O'Brien had played an improper role throughout the adjudication[31] and that Richards, O'Brien, and/or Welsh were individually, or collectively, biased against plaintiffs.[32] Ultimately, the superior court held that plaintiffs were "provided a hearing process that complies with due process,"[33] "that the process by which DOTPF made its decision was not legally flawed," and that "DOTPF's resolution of the legal questions raised by NPE was reasonable."[34]

Dissatisfied with that decision, plaintiffs appealed to the Alaska Supreme Court.[35] On appeal, plaintiffs filed a 24-page Statement of Points,[36] and once again, argued that the final administrative decision was procedurally flawed.[37] Among other things, plaintiffs argued that: (1) Richards, O'Brien, Welsh, and Cantor were individually and/or collectively personally biased against NPE;[38] (2) O'Brien had improper ex-parte contact with the hearing officer;[39] (3) O'Brien, Welsh, and/or Cantor improperly usurped the agency decision-maker's authority by drafting a proposed recommended decision that differed from the hearing officer's recommended decision;[40] and (4) O'Brien and/or Welsh drafted a recommended decision that incorporated false facts that were external to the administrative record.[41] The Alaska Supreme Court affirmed the final agency

---

[31] Exh. A at 11, 20-22.

[32] Exh. A at 11, 21.

[33] Exh. A at 27.

[34] Exh. A at 19-29; 47.

[35] Exh. D, Notice of Appeal.

[36] Exh. D at 3-28.

[37] Exh. C, *North Pacific Erectors, Inc. v. State,* ___ P.3d ___, S-14606, dated September 6, 2013.

[38] Exh. D at 6 ¶ 4, 18 ¶ 63.

[39] Exh. D at 11 ¶ 34, 18 ¶ 72.

[40] Exh. D at 15 ¶61, 20 ¶¶ 70-71, 21 ¶¶ 74-76, 22 ¶ 78.

[41] Exh. D at 16 ¶ 57, 17 ¶ 58.

*Olson, et al. v. O'Brien, et al.*            Court Case No. 3:11-cv-00245-JWS
DEFENDANTS' RESPONSE TO NOTICE OF FEDERAL CLAIMS SURVIVING    Page 7 of 17
Case 3:11-cv-00245-JWS   Document 61   Filed 06/26/14   Page 7 of 17

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

decision on its merits.[42] And although the appellate court did not reach the procedural issues raised by plaintiffs,[43] the court expressly found that the procedural defects raised by plaintiffs did not affect plaintiffs' substantial rights, and the court affirmed the superior court judgment.[44]

### III. Plaintiffs' Claims Are Barred by the Doctrines of *Res Judicata* and Collateral Estoppel.

A right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, cannot be challenged in a subsequent suit between the same parties or their privies.[45] Once the right, question, or fact is decided, it is conclusively established between the two parties and their privies, even if the second suit is for a different cause of action.[46] To prevent legal harassment, decrease the cost and vexation of multiple lawsuits, conserve judicial resources, and prevent inconsistent decisions,[47] federal courts must give state court judgments "the same preclusive effect as would be given that judgment under the law of

---

[42] Exh. C at 2.

[43] *See Alaska Trademark Shellfish, LLC v. State,* 91 P.3d 953, 957 (Alaska 2004) (recognizing that appeals should ordinarily not be decided on constitutional grounds when narrower grounds are available).

[44] Exh. C at 31.

[45] *See Southern Pac. R. Co. v. U.S.*, 168 U.S. 1, 48-49 (1897); *Montana v. United States,* 440 U.S. 147, 153 (1979); 28 U.S.C. § 1738; *see also* Restatement (Second) of Judgments § 27 (1982).

[46] *See Southern Pac. R. Co.*, 168 U.S. at 48-49; *Montana,* 440 U.S. at 153; 28 U.S.C. § 1738; *see also* Restatement (Second) of Judgments § 27 (1982).

[47] *Allen v. McCurry,* 449 U.S. 90, 94 (1980) ("[R]es judicata and collateral estoppel relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication."); *Montana,* 440 U.S. at 153-54 ("To preclude parties from contesting matters that they have had a full and fair opportunity to litigate protects their adversaries from the expense and vexation attending multiple lawsuits, conserves judicial resources, and fosters reliance on judicial action by minimizing the possibility of inconsistent decisions."); *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327-30 (1979) (recognizing judicial economy as a rationale for defensive collateral estoppel).

*Olson, et al. v. O'Brien, et al.* Court Case No. 3:11-cv-00245-JWS
DEFENDANTS' RESPONSE TO NOTICE OF FEDERAL CLAIMS SURVIVING Page 8 of 17
Case 3:11-cv-00245-JWS   Document 61   Filed 06/26/14   Page 8 of 17

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

the State in which the judgment was rendered."[48] To that end, federal courts consistently apply the doctrines of *res judicata* (claim preclusion) and collateral estoppel (issue preclusion) to causes of actions and issues decided by state courts.[49]

The doctrines of *res judicata* and collateral estoppel are well-established in Alaska.[50] The Alaska Supreme Court has held that *res judicata*, or claim preclusion, precludes parties from re-litigating causes of action that have already been litigated and decided.[51] The elements for *res judicata* are "(1) a final judgment on the merits, (2) from a court of competent jurisdiction, (3) in a dispute between the same parties (or their privies) about the same cause of action."[52] *Res judicata* applies not only to claims actually raised in the first proceeding but also to any other

---

[48]   *Kremer v. Chemical Construction Corp.,* 456 U.S. 461, 480–81 (1982) (requiring federal courts to give preclusive effect to state court judgments); *University of Tennessee v. Elliot*, 478 U.S. 788, 794 (1986) (requiring federal courts to give preclusive effect to state agency's factual findings when the state agency acts in a judicial capacity and the parties have had an opportunity to litigate); *Marrese v. American Academy of Orthopaedic Surgeons,* 470 U.S. 373, 380 (1985) (requiring federal courts to give preclusive effect to state court judgments even for federal claims that could not have been raised in state court); *Elrich v. Remas,* 839 F.2d 630, 632-34 (9th Cir. 1988) (holding that if judicial review is available, a losing party may not circumvent preclusive effect by foregoing the right to appeal and that claim preclusion applies to § 1983 action); *Miller v. County of Santa Cruz*, 39 F.3d 1030, 1032-1033 (9th Cir. 1994) (requiring federal courts to give preclusive effect to a state agency's legal decisions if the state administrative proceeding satisfies basic fairness principles in subsequent actions under § 1983).

[49]   *See Kremer,* 456 U.S. at 467 n. 6 (applying *res judicata* to Title VII claim); *Allen,* 449 U.S. at 96 (applying collateral estoppel to § 1983 claims); *Migra v. Warren City School Dist. Board,* 465 U.S. 75, 81 (1984); *Valley Wood Preserving, Inc. v. Paul,* 785 F.2d 751, 753 (9th Cir.1986) ("The doctrines of claim and issue preclusion apply to actions brought under section 1983.").

[50]   *Conitz v. ASCHR,* 325 P.3d 501, 507 (Alaska 2014); *Smith v. CSK Auto, Inc.* 132 P.3d 818, 820-21 (Alaska 2006); *Shepherd v. Bering Sea Originals*, 578 P.2d 587, 589 (Alaska 1978) (quoting *State v. Baker*, 393 P.2d 893, 896-97 (Alaska 1964)).

[51]   *Conitz,* 325 P.3d at 507; *Smith,* 132 P.3d at 820-21; *Shepherd*, 578 P.2d at 589.

[52]   *Angleton v. Cox,* 238 P.3d 610, 614 (Alaska 2010); *Smith,* 132 P.3d at 820; *Shepherd*, 578 P.2d at 589; *see also Alaska Pub. Interest Research Grp. v. State*, 167 P.3d 27, 44 (Alaska 2007) (holding that the principles of *res judicata* and collateral estoppel apply in administrative proceedings).

*Olson, et al. v. O'Brien, et al.*                                              Court Case No. 3:11-cv-00245-JWS
DEFENDANTS' RESPONSE TO NOTICE OF FEDERAL CLAIMS SURVIVING        Page 9 of 17
Case 3:11-cv-00245-JWS   Document 61   Filed 06/26/14   Page 9 of 17

relevant claims that could have been raised.[53] The first judgment extinguishes "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose."[54] A mere change in the legal theory will not avoid the preclusive effect of the first judgment.[55] So long as the judgment remains un-reversed, it binds the parties and those in privity with them.[56]

The Alaska Supreme Court has similarly held that collateral estoppel, or issue preclusion bars the re-litigation of *issues* that have been litigated and decided in an earlier action by a final judgment.[57] The requirements for collateral estoppel in Alaska are: (1) the party against whom the preclusion is employed was a party to or in privity with a party to the first action; (2) the issue to be precluded from litigation is identical to the issue decided in the first action; (3) the issue in the first action was resolved by a final judgment on the merits; and (4) the determination of the issue was essential to the final judgment.[58]

For parties to be in privity for purposes of *res judicata* or collateral estoppel, the non-party must have had notice and an opportunity to be heard; the procedure of the first action must have insured the protection of the rights and interests of the non-party; and he or she must have been

---

[53] *Patterson v. Infinity Ins. Co.,* 303 P.3d 493, 497 (Alaska 2013) ("[A] fundamental tenet of the *res judicata* doctrine is that it precludes relitigation between the same parties not only of claims that were raised in the initial proceedings, but also of those relevant claims that could have been raised then."); *DeNardo v. State,* 740 P.2d 453, 456 (Alaska 1987); *State v. Baker*, 393 P.2d 893, 897 n. 22 (Alaska 1964) (quoting *Cromwell v. County of Sac,* 94 U.S. 351, 352-53 (1876)); *see also Blake v. Gilbert,* 702 P.2d 631, 634-35 (Alaska 1985).

[54] *State v. Smith*, 720 P.2d 40, 41 (Alaska 1986) (quoting Restatement (Second) of Judgments § 24(a) (1982)).

[55] *Smith*, 720 P.2d at 41.

[56] *Shepherd*, 578 P.2d at 589.

[57] *Latham v. Palin,* 251 P.3d 341, 344 (Alaska 2011).

[58] *Shepherd,* 578 P.2d at 589.

*Olson, et al. v. O'Brien, et al.*     Court Case No. 3:11-cv-00245-JWS
DEFENDANTS' RESPONSE TO NOTICE OF FEDERAL CLAIMS SURVIVING     Page 10 of 17
Case 3:11-cv-00245-JWS Document 61 Filed 06/26/14 Page 10 of 17

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

adequately represented.[59] The extent to which the interests of the non-party are identical to those of the parties of the action provides a gauge for determining the adequacy of representation.[60]

Here, the plaintiffs concede that AESI and Olson are parties in privity with one another. This admission is consistent with their complaint in this action.[61] Plaintiffs maintain that Olson "is the assignee from AESI and NPE" of any "right, title, and interest . . . AESI and NPE has or had in any and all legal and equitable claims."[62] Plaintiffs allege that "AESI, through NPE" submitted the request for equitable adjustment to the contract price, and that "AESI, through NPE," appealed the denial of the request for equitable adjustment to the Department of Transportation.[63] The final administrative decision referred to NPE as the "nominal plaintiff" in reflecting that NPE was "acting on behalf of its subcontractor, AESI."[64] The decision explicitly refers to AESI: "[W]e conclude AESI has failed to carry the burden required to establish a proper claim for equitable adjustment."[65] While the administrative appeal refers primarily to NPE, the Alaska Superior Court recognized that for purposes of the administrative appeal, there was no functional difference between NPE and AESI. In its decision, the court stated, "Because NPE is seeking to recover the extra costs that both it and [AESI] alleged were incurred, the Court will refer only to NPE. At times [the Hearing Officer] and [the Deputy Commissioner] refer to [AESI] by name in their writings. All parties understand that NPE's claim includes the extra work allegedly done by [AESI] and [the Department of Administration's defense relies in part on

---

[59] *Shepherd,* 578 P.2d at 589; *see also Stewart v. Elliott*, 239 P.3d 1236, 1241 (Alaska 2010) ("Privity is a shorthand way of expressing assurance that the non-party has had adequate notice and opportunity to be heard, and that its rights and interests have been protected.") (internal quotations and citations omitted).

[60] *Shepherd,* 578 P.2d at 589.

[61] Docket 60, Notice of Federal Claims Surviving at 8.

[62] Docket 1 at ¶3.

[63] Docket 1 at ¶¶24, 31.

[64] Exh. B at 1.

[65] Exh. B at 2. "AESI's failure to reasonably anticipate the condition, and not a differing site condition, was the cause of any unplanned expense and delay AESI experienced." Exh. B at 11.

*Olson, et al. v. O'Brien, et al.*     Court Case No. 3:11-cv-00245-JWS
DEFENDANTS' RESPONSE TO NOTICE OF FEDERAL CLAIMS SURVIVING     Page 11 of 17
Case 3:11-cv-00245-JWS   Document 61   Filed 06/26/14   Page 11 of 17

actions taken or not taken by [AESI]."[66] Finally, Plaintiffs' current counsel participated in the state proceedings, representing plaintiffs' rights and interests throughout the administrative proceedings and appeals.[67]

O'Brien, Welsh, and Cantor were, likewise, in privity with the Department of Transportation and Public Facilities. The department was a named party to the state court appeal and Welsh's, O'Brien's, and Cantor's alleged conduct formed the cornerstone of plaintiff's claims.[68] Both O'Brien and Welsh participated in trial *de novo* before the superior court.[69] And DOTPF retained independent legal counsel to defend DOTPF's decision-making and the actions of O'Brien, Welsh, and Cantor.[70] While government employees are generally not bound by adverse determinations against the government where their interests, incentives, and immediate goals are dissimilar from the government, O'Brien, Welsh, and Cantor are accused of misconduct arising in the course of their official duties on behalf of DOTPF. As a result, their interests were represented—it was their actions that were called into question, trial *de novo* was held on that issue, DOTPF appointed separate counsel and had incentive to litigate/defend the official role played by the state officials.[71]

Second, comparing the plaintiffs' complaint in this case with their statement of points on appeal to the Alaska Supreme Court shows that these lawsuits are about the same subject matter and the same allegations against the same individuals.[72] Plaintiffs phrase their allegations here in a number of ways, but like the state proceedings, plaintiffs plainly allege that Defendants' conduct "denied [plaintiffs] the contractually promised equitable adjustment to the

---

[66] Exh. A at 31, n. 78.

[67] Exh. A at 48; Exh. B at 19; Exh C at 1; Exh. D at 1.

[68] *See generally,* Exh. A at 9-13; Exh. D.

[69] *See* Exh. A at 9 n. 22, 10 n. 27.

[70] Exh. A at 2.

[71] *See Shepherd,* 578 P.2d at 589.

[72] *Compare* Docket 1 *with* Exh. D.

*Olson, et al. v. O'Brien, et al.*     Court Case No. 3:11-cv-00245-JWS
DEFENDANTS' RESPONSE TO NOTICE OF FEDERAL CLAIMS SURVIVING     Page 12 of 17
Case 3:11-cv-00245-JWS   Document 61   Filed 06/26/14   Page 12 of 17

contract price."[73] Plaintiffs' claim of entitlement to equitable adjustment of the contract price was at the heart of the administrative hearing and subsequent appeals in the state proceedings.[74] And just as the complaint in this federal litigation alleges due process violations by defendants Welsh, O'Brien, and Cantor in the course of the administrative proceedings, plaintiffs argued in the state proceedings that their due process rights were violated and that Defendants Welsh, O'Brien, and/or Cantor interfered with and/or impermissibly influenced the decision-making process.[75] Plaintiffs' federal complaint alleges that the three named defendants violated due process "by denying an impartial decision-maker";[76] the state suit, likewise, asked the appellate court to find that NPE "was denied due process, including a neutral decision-maker, when the putative final decision was made by DOTPF Chief of Contracts, Mark O'Brien, with the assistance of co-conspirators James Cantor and Richard Welsh, people who were biased and not impartial."[77] Both suits similarly allege constitutional defects with some or all of the named defendants' alleged interference with or participation in the administrative decision-making process,[78] lack of impartiality,[79] failure to adopt plaintiffs' view of the facts and law,[80] and failure to adopt the hearing officer's recommended decision.[81]

Third, plaintiffs have already had a full and fair opportunity to litigate the cause of their alleged damages, their due process and contract rights claims, and the propriety and lawfulness of

---

[73] Docket 1 at 11 ¶73; *see also See* Docket 1 at 10, ¶69 ("AESI has been financially devastated and drive out of business by Defendants' wrongful conduct and the ensuing financial losses and expenses they caused.").

[74] *See* Exh. B at 1, Exh. A at 1, Exh. C at 1-2.

[75] *Compare* Docket 1 *with* Exh. D.

[76] Docket 1 at ¶ 72.

[77] Exh. D at 18 ¶ 63.

[78] *Compare* Docket 1 at ¶ 72 with Exh. D at 15-20, ¶¶61-80.

[79] *Compare* Docket 1 at ¶ 72 *with* Exh. D at 15-20, ¶¶61-80.

[80] *Compare* Docket 1 at ¶ 72 *with* Exh. D at 13-15, ¶¶50, 54-60.

[81] *Compare* Docket 1 at ¶ 72 *with* Exh. D at 13-14, 19 ¶¶50-54, 74-75.

*Olson, et al. v. O'Brien, et al.*　　　　　　　　　　　　　　　　Court Case No. 3:11-cv-00245-JWS
DEFENDANTS' RESPONSE TO NOTICE OF FEDERAL CLAIMS SURVIVING　　Page 13 of 17
Case 3:11-cv-00245-JWS   Document 61   Filed 06/26/14   Page 13 of 17

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

the defendants' participation in the underlying administrative proceedings: the superior court—a court of competent jurisdiction—allowed discovery and held a trial *de novo* on those very issues.[82] Indeed, the superior court issued a 48-page decision with factual findings, legal conclusions, and final judgment on the allegations that form the basis of plaintiffs' instant case.[83] Notably, the superior court found that the decision-making process was not tainted by outside information;[84] that there was no impropriety on the part of O'Brien, Welsh, or Cantor throughout the administrative adjudication;[85] that there was no personal bias against plaintiffs by Richards, O'Brien, or Welsh, individually or collectively;[86] and that NPE was "provided a hearing process that complies with due process."[87] All of those findings were essential to the superior court's resolution of NPE's claims against DOTPF.[88] Ultimately, the superior court affirmed DOTPF's denial of plaintiffs' differing site condition claim,[89] holding "that the process by which DOTPF [through O'Brien, Welsh, Cantor, and Richards] was not legally flawed and that DOTPF's resolution of the legal questions raised by NPE [on behalf of Plaintiffs] was reasonable."[90]

Plaintiffs exercised their right to appeal that decision to the Alaska Supreme Court, where they filed a 24-page Statement of Points,[91] and once again, argued that the DOTPF final decision

---

[82] Exh. A at 2-11; Exh. C at 14-17.

[83] *See* Exh. A.

[84] *Compare* Exh. A at 11 *with* Docket 1 at ¶¶ 59, 62, 63, 66, 67, 72, 73.

[85] Exh. A at 11, 20-22.

[86] Exh. A at 11, 21.

[87] Exh. A at 27.

[88] Exh. A at 2-5.

[89] *Compare* Exh. A at 38, 42, 46, 47 *with* Docket 1 at ¶¶ 16-17, 20-21, 24-25, 39, 43.

[90] Exh. A at 19-29; 47.

[91] Exh. D at 3-28.

*Olson, et al. v. O'Brien, et al.*     Court Case No. 3:11-cv-00245-JWS
DEFENDANTS' RESPONSE TO NOTICE OF FEDERAL CLAIMS SURVIVING    Page 14 of 17
Case 3:11-cv-00245-JWS   Document 61   Filed 06/26/14   Page 14 of 17

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

was procedurally flawed.[92] The Alaska Supreme Court affirmed the superior court's decision,[93] concluding that the procedural defects raised by NPE did not affect Plaintiff's substantial rights.[94] The Court also affirmed DOTPF's decision on the contractual claims, concluding that plaintiffs could have conducted research on their own and were not dependent on the Department of Administration as the only reasonable avenue for acquiring information about the project; and even if plaintiffs could prevail on their differing site condition claim, plaintiffs' failure to substantially comply with the damages and records provision of the contract would bar recovery.[95]

Because the same subject matter resolving the same issues between essentially the same parties was decided by the Alaska Court system through trial *de novo* and ultimately, appeal, plaintiffs' claims in this case are barred by *res judicata*. Similarly, because a judicial determination regarding the defendants' alleged conduct was essential to the superior court's adjudication of the dispute in the state proceedings,[96] because the issues were resolved in a final judgment which was affirmed by the Alaska Supreme Court, and because the parties are in privity with the parties to the state proceeding, collateral estoppel bars plaintiffs from re-litigating those claims. In short, plaintiffs are bound by the state administrative and judicial determinations,[97] and this court should deny their attempt to circumvent the state court decisions

---

[92] Exh. D.

[93] Exh. C at 32.

[94] Exh. C at 31.

[95] Exh. C at 2, 23, 29.

[96] The plaintiffs' argument that the Supreme Court's ruling on the alleged misconduct was not essential to its disposition of the case fails to acknowledge that the superior court's ruling on the misconduct *was* essential to its judgment in the case, and that this judgment was affirmed. *See* Exh. A at 2-5; Exh. C at 30-31. *See also Alaska Trademark Shellfish,* 91 P.3d at 957 (recognizing that appeals should ordinarily not be decided on constitutional grounds when narrower grounds are available).

[97] *Elrich,* 839 F.2d at 632-33 (holding that if judicial review is available, federal courts must give preclusive effect to state administrative decision); *Miller,* 39 F.3d at 1032-1033 (requiring federal courts to give a state agency's legal decisions preclusive effect if the state administrative proceeding satisfies basic fairness principles).

*Olson, et al. v. O'Brien, et al.* Court Case No. 3:11-cv-00245-JWS
DEFENDANTS' RESPONSE TO NOTICE OF FEDERAL CLAIMS SURVIVING Page 15 of 17
Case 3:11-cv-00245-JWS Document 61 Filed 06/26/14 Page 15 of 17

## IV. CONCLUSION

Defendants agree with the Court's September 16, 2013 suggestion that given the resolution of issues in the state court case, it is appropriate to dismiss this case. Because all of the issues and allegations plaintiffs raise in the instant case were resolved through the state proceedings, plaintiffs' claims are barred by collateral estoppel and *res judicata*. Accordingly, Defendants respectfully request dismissal, with prejudice.

DATED June 26, 2014.

        MICHAEL C. GERAGHTY
        ATTORNEY GENERAL

By: /s/ Jessica L. Srader
    Jessica L. Srader
    Assistant Attorney General
    Alaska Bar No. 0412105
    State of Alaska, Dept. of Law
    PO Box 110300
    Juneau, AK 99811-0300
    Phone: (907) 465-3600
    Facsimile: (907) 465-2520
    Email: jessica.srader@alaska.gov
    *Attorney for Defendants*
    *Richard Welsh and Mark O'Brien*

/s/ Dario Borghesan
Dario Borghesan
Assistant Attorney General
(Alaska Bar No. 1005015)
State of Alaska, Dep't of Law
1031 West Fourth Avenue, Suite 200
Anchorage, Alaska 99501-1994
Telephone: (907) 269-5274
Facsimile: (907) 278-7022
Email: dario.borghesan@alaska.gov
*Attorney for Defendant James Cantor*

*Olson, et al. v. O'Brien, et al.*    Court Case No. 3:11-cv-00245-JWS
DEFENDANTS' RESPONSE TO NOTICE OF FEDERAL CLAIMS SURVIVING  Page 16 of 17
Case 3:11-cv-00245-JWS  Document 61  Filed 06/26/14  Page 16 of 17

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2014, copies of the foregoing, **DEFENDANTS' RESPONSE TO NOTICE OF FEDERAL CLAIMS SURVIVING**, and **EXHIBITS A-D**, were served electronically and USPS Mail on the following parties of record pursuant to the Court's electronic filing procedures:

Terry R. Marston
MARSTON ELISON, PLLC
16640 N.E. 83rd Street
Redmond, WA 98052
E-mail: terry@marstonelison.com

L. Eugene DeVeaux
DEVEAUX & ASSOCIATES
701 West 41st Street
Anchorage, AK 99503

s/Stacy J. Morehouse
Stacy J. Morehouse
Law Office Assistant II

*Olson, et al. v. O'Brien, et al.*     Court Case No. 3:11-cv-00245-JWS
DEFENDANTS' RESPONSE TO NOTICE OF FEDERAL CLAIMS SURVIVING    Page 17 of 17
Case 3:11-cv-00245-JWS    Document 61    Filed 06/26/14    Page 17 of 17