UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| DAVID E. OLSON, *et al.*, | ) |
| Plaintiffs, | ) 3:11-cv-00245 JWS |
| vs. | ) ORDER AND OPINION |
| MARK 0'BRIEN, *et al.*, | ) [Re: Motion at docket 61] |
| Defendants. | ) |

## I. MOTION PRESENTED

At docket 61 defendants Mark 0'Brien, James Cantor, and Richard Welsh (collectively "Defendants") filed a notice responding to the court's solicitation of comments on the viability of plaintiff's claims following completion of proceedings in *North Pacific Erectors, Inc. v. State of Alaska, Dept. Of Admin.*[1] The court elected to treat that notice as a motion to dismiss.[2] Plaintiffs David E. Olson and Absolute Environmental Services, Inc. (collectively "Plaintiffs") opposed the motion at docket 70. Defendants' replied at docket 72. Oral argument was not requested, and it would not assist the court.

## II. BACKGROUND

The parties' papers disclose that the following facts are not in dispute. David Olson is the owner of Absolute Environmental Services, an Alaska corporation

---

[1] __ P.3d __, 2013 WL 4768380 (Alaska).

[2] Doc. 62.

("Absolute"). North Pacific Erectors, Inc. ("NPE") contracted with the State of Alaska to perform work on the State Office Building ("SOB") in Juneau. Among other things, NPE's contract with the State required removal of asbestos from the SOB. NPE subcontracted with Absolute to accomplish the asbestos removal. Absolute encountered what it believed to be conditions different from the conditions assumed in bidding the work. In Absolute's view, the conditions encountered rendered removing the asbestos more costly.

Absolute called upon NPE to present a claim for additional compensation for the asbestos work under a state review procedure calling for a decision by the Commissioner of the Alaska Department of Transportation and Public Facilities (DOTPF). A hearing was held before a hearing officer who eventually recommended a decision in favor of NPE. After his initial review, the Commissioner remanded the matter to the hearing officer for further consideration. The hearing officer responded with a modified recommendation in favor of NPE. Chief Assistant Attorney General Cantor then assigned Assistant Attorney General Welsh to review the second recommendation. Welsh did so with the aide of DOTPF Contract Manager O'Brien. At some point responsibility for rendering a final decision was delegated by DOTPF Commissioner von Scheben to DOTPF Deputy Commissioner Richards. After consultation with Welsh, Richards ultimately rejected the recommendation from the hearing officer and adopted Welsh's alternative recommendation denying relief to NPE.

NPE appealed to Superior Court contending among other things that Welsh and O'Brien had wrongfully participated in the decision-making process such that NPE was denied due process of law. After conducting a *de novo* hearing into the actions of Cantor, Welsh and O'Brien, the Superior Court rejected the denial of due process claim and affirmed Richards' decision. NPE appealed to the Alaska Supreme Court in February of 2012. Rather than await resolution in the state court system, Absolute filed this lawsuit which advances a claim pursuant to 42 U.S.C. § 1983 that Defendants denied Plaintiffs due process of law in the handling of the claim for additional compensation, a claim pursuant to 42 U.S.C. § 1981 that Defendants denied Absolute's contract rights, a claim of conspiracy to deny constitutional rights pursuant to 42 U.S.C.

§ 1985, a claim pursuant to 42 U.S.C. § 1986 for failing to prevent the violation of constitutional rights, a civil RICO claim brought pursuant to 18 U.S.C. § 1964 based on the allegation that Defendants' actions violated 18 U.S.C. § 1962, and state law tort claims based on the actions of Defendants. The exclusive focus for liability purposes in Plaintiff's complaint is on the actions of Cantor, Welsh, and O'Brien.

Following commencement of the case at bar, the Alaska Supreme Court affirmed the decision by the Superior Court. Sometime after that, the United States Supreme Court declined to review the Alaska high court's decision.

### III. DISCUSSION

At docket 61, Defendants first contend that the state court has determined that Plaintiffs were not denied any contract right or business expectancy, that Defendants did not act unlawfully in the administrative proceeding and that Plaintiffs were not denied due process. Defendants rely on the doctrine of claim preclusion to foreclose further litigation in the case at bar.

Claim preclusion, also sometimes called *res judicata,* applies where there has been (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a dispute between the same parties or their privies.[3] Claim preclusion also applies to claims that could have been but were not litigated in the earlier case. The Alaska Supreme Court has explained that this proposition is "fundamental tenet" of claim preclusion jurisprudence.[4] What controls the determination of whether a claim could have been raised in the earlier litigation is not whether the same legal theories are advanced in both lawsuits, but whether the claims in the two lawsuits "arise out of the same transaction–the same set of facts."[5]

Despite Plaintiffs' protestations to the contrary, this court has little difficulty finding that all of the elements of claim preclusion have been satisfied here. While clothed in the garb of differing legal theories, every claim advanced by Plaintiffs in the

---

[3]*Conitz v. ASCHR*, 325 P.3d. 501, 507 (Alaska 2014).

[4]*Patterson v. Infinity Ins. Co.*, 303 P.3d 493, 497 (Alaska 2013).

[5]*Id*. (quoting *Angleton v. Cox*, 238 P.3d 610, 614 (Alaska 2010)).

current lawsuit arises out of the same set of facts already addressed in state court. To the extent that Plaintiffs rely on the argument that the individual defendants are not in privity with the original defendant, State of Alaska Department of Administration, their argument founders on the fact that what the individual defendants are accused of doing wrong was the basis for asserting that the Department wronged Plaintiffs in the original litigation.

The court finds it unnecessary to address Defendants' argument that "issue preclusion," also known as collateral estoppel, forecloses litigation of the instant lawsuit.

## IV.  CONCLUSION

For the reasons set forth above the motion to dismiss at docket 61 is **GRANTED**. The Clerk will please enter judgment for Defendants.

DATED this 21st day of August 2014.

/s/ JOHN W. SEDWICK
SENIOR UNITED STATES DISTRICT JUDGE