# UNITED STATES DISTRICT COURT
# DISTRICT OF ALASKA

| | |
|---|---|
| David E. Olson, *et al.*, | |
| Plaintiffs, | 3:11-cv-00245 JWS |
| vs. | ORDER AND OPINION |
| Mark O'Brien, *et al.*, | [Re: Motion at Dockets 94 & 110] |
| Defendants. | |

## I. MOTIONS PRESENTED

At docket 94 defendants Mark O'Brien, James Cantor, and Richard Welsh (collectively, "Defendants") move to dismiss the complaint of plaintiffs David E. Olson and Absolute Environmental Services, Inc. (collectively, "Plaintiffs") pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs oppose the motion at docket 102, supported by a declaration from Plaintiffs' counsel at docket 103. Defendants reply at docket 109. At docket 114 the court authorized Defendants to file a surreply; they did so at docket 119.

At docket 110 Defendants move to strike Plaintiffs' counsel's declaration. Plaintiffs oppose the motion at docket 113. Defendants reply at docket 118. Because the court does not rely on Plaintiffs' counsel's declaration, Defendants' motion is denied as moot. Oral argument was not requested and would not assist the court.

## II. BACKGROUND

The background of this case is set out in the court's order at docket 77 and need not be repeated here. Suffice it to say for present purposes that the Alaska Department of Administration denied Plaintiffs' request for an equitable adjustment to the contract price for the work they performed on the State Office Building ("SOB") in Juneau. Plaintiffs brought an administrative appeal of the denial, which was ultimately denied. Plaintiffs' present complaint alleges that Defendants violated their civil rights by committing various actions that compromised the integrity of the appeal process.[1]

Plaintiffs appealed the administrative decision to the Alaska Superior Court, arguing in part that the agency's decision was procedurally flawed. In pertinent part the Superior Court held that any procedural flaws in the administrative appeal did not deprive Plaintiffs of a due-process-compliant hearing and, substantively, Plaintiffs had no contractual right to recover their additional costs.

Plaintiffs appealed to the Alaska Supreme Court. The Alaska Supreme Court affirmed the Superior Court's conclusion that Plaintiffs lacked a substantive contractual right to recover additional costs. In light of this conclusion, the court refrained from addressing Plaintiffs' procedural claims, holding that Plaintiffs cannot show they were harmed by the procedural issues they identified.

At docket 61 Defendants filed a motion to dismiss Plaintiffs' complaint on claim preclusion and issue preclusion grounds. At docket 77 the court granted the motion, holding that Plaintiffs' complaint was barred by claim preclusion. In light of this holding, the court found it unnecessary to consider Defendants' issue preclusion arguments.[2]

Plaintiffs appealed, and the Ninth Circuit Court of Appeals reversed. The Ninth Circuit noted that an exception to claim preclusion applies "where the party against

---

[1] Doc. 1 at 11 ¶¶ 72–82. *See generally id.* at 13 ¶ 84 ("The civil rights violations by Defendants described above caused Plaintiffs to suffer substantial damages.").

[2] Doc. 77 at 4.

-2-

whom it is asserted 'lacked [a] full and fair opportunity to litigate his claims.'"³ The court held that this exception applies here because Plaintiffs lacked a full and fair opportunity to litigate their claims for damages regarding the "alleged improprieties in the decision-making process" of their administrative appeal.⁴ The Ninth Circuit remanded the case to this court for consideration of Defendants' issue preclusion arguments.

## III. STANDARD OF REVIEW

Rule 12(b)(6) tests the legal sufficiency of a plaintiff's claims. In reviewing such a motion, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."⁵ To be assumed true, the allegations, "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."⁶ Dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."⁷ "Conclusory allegations of law . . . are insufficient to defeat a motion to dismiss."⁸

To avoid dismissal, a plaintiff must plead facts sufficient to "'state a claim to relief that is plausible on its face.'"⁹ "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

---

³Doc. 85 at 2 (quoting *Conitz v. Alaska State Comm'n for Human Rights*, 325 P.3d 501, 508 (Alaska 2014)).

⁴*Id.* at 2–3.

⁵*Vignolo v. Miller,* 120 F.3d 1075, 1077 (9th Cir. 1997).

⁶*Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

⁷*Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

⁸*Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

⁹*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

defendant is liable for the misconduct alleged."[10]  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."[11]  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'"[12]  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."[13]

## IV.  DISCUSSION

### A.  Issue Preclusion

Defendants' initial motion to dismiss raised both claim preclusion and issue preclusion.  Claim preclusion prohibits a "party from raising any claim or defense in the later action that was or *could have been* raised in support of or in opposition to the cause of action asserted in the prior action."[14]  One rationale for this rule is waiver.  "If a party does not raise a claim or a defense in the prior action, that party thereby waives its right to raise that claim or defense in the subsequent action."[15]  Under the exception-to-claim preclusion that the Ninth Circuit applied here, a party does not waive her right to raise a claim in a future action unless she had a full and fair opportunity to raise that claim in the prior action.[16]

---

[10]*Id.*

[11]*Id.* (citing *Twombly*, 550 U.S. at 556).

[12]*Id.* (quoting *Twombly*, 550 U.S. at 557).

[13]*Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  *See also Starr*, 652 F.3d at 1216.

[14]*United States v. Shanbaum*, 10 F.3d 305, 310 (5th Cir. 1994) (emphasis in original).

[15]*Id.  See also Girdwood Min. Co. v. Comsult LLC*, 329 P.3d 194, 200 (Alaska 2014).

[16]*See Conitz*, 325 P.3d at 508.

Issue preclusion, on the other hand, does not concern waiver.[17] "Instead, courts reason that if another court has already furnished a trustworthy determination of a given issue of fact or law, a party that has already litigated that issue should not be allowed to attack that determination in a second action."[18] Issue preclusion applies only where the litigant had a full and fair opportunity to litigate the issue in the first action.[19]

Because the first judgment here was issued by an Alaska court, this court must apply Alaska law to determine whether issue preclusion bars any of Plaintiffs' claims.[20] To determine whether issue preclusion applies under Alaska law, courts apply the test set out in the Restatement (Second) of Judgments § 27,[21] under which four factors must be met: "(1) the party against whom the preclusion is employed was a party to or in privity with a party to the first action; (2) the issue precluded from relitigation is identical to the issue decided in the first action; (3) the issue was resolved in the first action by a final judgment on the merits; and (4) the determination of the issue was essential to the final judgment."[22] As discussed below, these four factors are met in this case.

### 1. Plaintiffs were parties to or in privity with a party to the first action

Plaintiffs concede that this requirement is satisfied.[23] The first action was brought by North Pacific Erectors, Inc. ("NPE"). Plaintiff David E. Olson alleges that, as

---

[17] *Shanbaum*, 10 F.3d at 311.

[18] *Id. See also Wall v. Stinson*, 983 P.2d 736, 740 (Alaska 1999).

[19] Restatement (Second) of Judgments § 29 (1982).

[20] *See Plaine v. McCabe*, 797 F.2d 713, 718 (9th Cir. 1986) ("[F]ederal courts . . . give state court judgments the same full faith and credit they would have in the state's own courts by applying the preclusion law of the state in which the judgment was rendered.").

[21] *See Johnson v. Alaska State Dep't of Fish & Game*, 836 P.2d 896, 906 (Alaska 1991) (citing Restatement (Second) of Judgments § 27 (1982)).

[22] *Jackinsky v. Jackinsky*, 894 P.2d 650, 654 (Alaska 1995).

[23] Doc. 102 at 11.

the president and sole shareholder of co-plaintiff Absolute Environmental Services, Inc. ("AESI"), he is the assignee of NPE's civil rights claims against Defendants.[24] As such, Plaintiffs are in privity with a party to the first action.

**2.      Issues decided in the first action are identical to issues in this action**

In this action, Plaintiffs essentially reassert the procedural claims that the Superior Court rejected in the first action. Defendants' motion asserts that these claims are barred by issue preclusion because the factual issues upon which Plaintiffs' claims rely substantially overlap with factual issues decided by the Superior Court in the first action,[25] and the legal issue central to this case—whether Defendants' actions violated Plaintiffs' procedural rights—is identical to a legal issue that was decided in the first action.[26] In response, Plaintiffs argue Defendants have not shown how any of the factual issues identified in their motion are essential to any elements of Plaintiffs' claims.[27] Plaintiffs do not dispute, however, that the Superior Court resolved the same legal issues that they assert in this action. In reply, Defendants do not counter Plaintiffs' factual argument by identifying any factual issues decided in the first action that are necessary to any causes of action alleged here. Instead, they focus on the Superior Court's resolution of the essential legal issue in this case.[28]

The court finds that the Superior Court decided at least two issues that are identical to issues raised in this case. First, the court agrees with Defendants that the Superior Court decided whether Defendants violated Plaintiffs' procedural rights in the administrative proceeding. Second, the Superior Court also decided whether

---

[24] Doc. 1 at 2 ¶ 3.

[25] Doc. 94 at 16.

[26] *Id.* at 17.

[27] Doc. 102 at 12.

[28] Doc. 109 at 4.

Defendants' actions in the administrative proceeding harmed Plaintiffs' substantive rights. Both of these issues are also issues in this action.[29]

### 3. Whether the Superior Court's determination of these two issues is essential to the final judgment

In order for issue preclusion to apply, the issue determined in the first action must be essential to the final judgment in that case.[30] "If issues are determined but the judgment is not dependent upon the determinations, relitigation of those issues in a subsequent action between the parties is not precluded."[31]

Defendants argue that the Superior Court's decisions on Plaintiffs' procedural claims are essential to the final judgment.[32] This argument is untenable. As the Alaska Supreme Court's opinion demonstrates, the Superior Court did not need to reach Plaintiffs' procedural claims because their contractual claims lack substantive merit. In other words, Plaintiffs would have lost the appeal even if the Superior Court had not decided their procedural claims. Because the final judgment is not dependent on the Superior Court's rulings on Plaintiffs' procedural claims, relitigation of those claims is not precluded.

That is not the end of the story, however, because the Superior Court's decision on the second issue identified above—whether Defendants' actions in the administrative proceeding caused Plaintiffs any substantive harm—is essential to the final judgment. That issue was adjudicated in the first action through the court's rejection of Plaintiffs' contractual claims. As such, the court conclusively determined that Defendants' procedural actions, no matter how improper they might have been, did not cause Plaintiffs to suffer substantive harm.

---

[29]*See* doc. 1 at 10–11 ¶¶ 69–70; *id.* at 13 ¶ 85 (alleging compensatory damages).

[30]*See Smith v. Stafford*, 189 P.3d 1065, 1076 (Alaska 2008).

[31]Restatement (Second) of Judgments § 27 cmt. h (1982).

[32]Doc. 94 at 24.

### 4. The issue of harm was resolved in the first action by a final judgment on the merits

Plaintiffs argue that the Superior Court's decision is not a final judgment because it was appealed to the Alaska Supreme Court.[33] Plaintiffs cite no authority for this proposition. Plaintiffs' argument lacks merit. Because the Superior Court resolved the issue of harm by a final judgment on the merits and the Alaska Supreme Court upheld the lower court's ruling, this factor is satisfied.[34]

### B. Defendants' Arguments Regarding The Preclusive Effect of the Previous Judgment

For the most part, Defendants do not address the preclusive effect of the Superior Court's decision on the issue of harm. Instead, they focus primarily on the preclusive effect of the Superior Court's decisions on Plaintiffs' procedural claims. Because Defendants did not adequately brief the issue, the court declines to issue a comprehensive ruling on the preclusive effect of the Superior Court's decision. One effect of the Superior Court's judgment is beyond dispute, however. Because the Superior Court conclusively determined that Defendants' actions did not harm Plaintiffs' substantive rights, Plaintiffs are barred from recovering compensatory damages under any of their claims.[35]

Defendants do address the issue of harm, however, where they argue that Plaintiffs' civil RICO claim is barred by issue preclusion because the Superior Court decided that Plaintiffs did not suffer "a concrete financial injury to business or property as a result of the [D]efendants' wrongdoing."[36] As Defendants point out, a civil RICO

---

[33]Doc. 102 at 14.

[34]*See* Restatement (Second) of Judgments § 27 cmt. o (1982).

[35]It is unclear what compensatory damages Plaintiffs are seeking. *See* doc. 1 at 13 ¶ 85 (Plaintiffs allege that they are entitled to recover "all damages direct and consequential, including without limitation for business devastation, attorneys' fees, expenses and costs incurred in the administrative hearing, the superior court appeal, and this action.").

[36]Doc. 94 at 19.

plaintiff must establish, among other things, "that the defendant caused injury to his business or property."[37]  Plaintiffs do not respond to this argument.  Because Plaintiffs are barred from relitigating whether they were financially harmed by Defendants' actions, Plaintiffs' civil RICO cause of action is barred by issue preclusion.

C. **Plaintiffs' Fraud Claim**

Finally, Defendants argue that Plaintiffs' cause of action for fraud fails to state a claim because Plaintiffs do not plead fraud with particularity.[38]  Plaintiffs do not respond to this argument.  The court agrees with Defendants.  Alaska Rule of Civil Procedure 9(b) states that in all averments of fraud "the circumstances constituting fraud . . . shall be stated with particularity."  Plaintiffs merely allege that unspecified defendants represented to Plaintiffs at some unspecified time in some unspecified manner that their administrative claim would be "resolved fairly."[39]  Because Plaintiffs do not state the circumstances constituting fraud with particularity, their fraud claim will be dismissed.

## V.  CONCLUSION

For the reasons set forth above, Defendants' motion at docket 94 is GRANTED IN PART AND DENIED IN PART as follows: Plaintiffs' civil RICO and fraud causes of action are dismissed, and Plaintiffs are precluded from recovering compensatory damages; in all other respects, the motion is denied.  Defendants' motion at docket 110 is denied.

DATED this 16th day of March 2017.

/s/ JOHN W. SEDWICK
SENIOR JUDGE, UNITED STATES DISTRICT COURT

---

[37] *See Fireman's Fund Ins. Co. v. Stites*, 258 F.3d 1016, 1021 (9th Cir. 2001) (citing 18 U.S.C. § 1964(c)).

[38] Doc. 94 at 23 n.128.

[39] Doc. 1 at 13 ¶ 81.