THE HONORABLE JOHN W. SEDWICK

Terry R. Marston, *pro hac vice*
MARSTON LEGAL, PLLC
11400 98th Avenue N.E.
Kirkland, Washington 98033
terry@marstonlegal.com
(425) 861-5700

L. Eugene DeVeaux
DEVEAUX & ASSOCIATES
701 West 41st Street
Anchorage, Alaska 99503
Telephone: (907) 565-2906

Attorneys For Plaintiffs Olson and
Absolute Environmental Services, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| DAVID E. OLSON, a resident of Washington; and ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaska corporation for the use and benefit of David E. Olson,<br><br>Plaintiffs,<br><br>vs.<br><br>MARK O'BRIEN, a resident of Alaska; JAMES CANTOR, a resident of Alaska; and RICHARD WELSH, a resident of Alaska;<br><br>Defendants. | CASE NO. 3:11-cv-00245-JWS |

**PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT MARK O'BRIEN ON THE ISSUE OF LIABILITY**

RELIEF REQUESTED

Plaintiffs seek an order of partial summary judgment establishing the liability of

Defendant Mark O'Brien for violation of Plaintiffs' rights to Due Process in violation of the 14th

PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT AGAINST
DEFENDANT MARK O'BRIEN - 1

DAVID E. OLSON, et al, v. MARK
O'BRIEN, et al, Case No. 3:11-cv-00245-JWS

Case 3:11-cv-00245-JWS   Document 138   Filed 03/23/18   Page 1 of 16

Amendment to the United States Constitution, in violation of Section 7 of the State of Alaska Constitution, and in violation of 42 U.S.C. § 1983.

## RELIEF REQUESTED

Plaintiffs seek an order of partial summary judgment establishing the liability of Defendant Mark O'Brien for violation of Plaintiffs' rights to Due Process in violation of the 14th Amendment to the United States Constitution, in violation of Section 7 of the State of Alaska Constitution, and in violation of 42 U.S.C. § 1983.

## STATEMENT OF FACTS

The present case arises out of a breach of contract claim on a construction contract performed in the State of Alaska. The construction project involved renovation work performed on the 8th floor of the existing Alaska State Office Building ("SOB") in Juneau, Alaska. The owner of the Construction project was the State of Alaska. The project was administered on behalf of for the State by its Department of Administration ("DOA"). The prime contract for the renovation work was awarded after competitive bidding to North Pacific Erectors, Inc., ("NPE"). The largest portion of the work to be performed under the prime contract involved asbestos abatement. NPE subcontracted the asbestos abatement work to a specialist in that field, Plaintiff Absolute Environmental Services, Inc. ("Absolute"). Absolute is owned by Plaintiff David E. Olson ("Olson").

During the abatement work on the SOB project, Absolute encountered a differing site condition. A "differing site condition" involves a latent physical condition (i.e., one not known or visible to contractors at the time of bidding) that differs materially from what is ordinarily encountered in work of the type to be performed. The terms of the State's construction contract promised the contractor additional compensation if it encountered such a differing site condition.

PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT AGAINST
DEFENDANT MARK O'BRIEN - 2

DAVID E. OLSON, et al, v. MARK
O'BRIEN, et al, Case No. 3:11-cv-00245-JWS

Case 3:11-cv-00245-JWS   Document 138   Filed 03/23/18   Page 2 of 16

Absolute submitted a claim for additional compensation for the a differing site condition because it doubled the expense and duration of its work. NPE passed the claim through to DOA. The DOA Procurement Officer denied the claim (with legal assistance from AAG Jeff Stark, a subordinate of Defendant James Cantor). In the Procurement Officer's decision AAG Stark drafted, the DOA Procurement Officer said the condition Absolute encountered was not a compensable differing site condition. Absolute disagreed with the Procurement Officer description of the facts and the analysis provided by AAG Stark. It, therefore, filed an administrative appeal in the name of NPE.

Under the terms of the Alaska Procurement Code ("Procurement Code"), claims for additional compensation rejected by a Procurement Officer are not resolved in the courts. The Procurement Code grants the State's Department of Transportation and Public Facilities ("DOTPF") sole jurisdiction to administratively adjudicate construction contract claims against the State. The Procurement Code required DOTPF to appoint a third-party hearing officer to conduct an adversarial hearing in which the contractor and the State had the opportunity to present evidence (including witness testimony) and legal arguments in support of their positions. The hearing officer was required to prepare a "Recommended Decision" after the hearing. The hearing officer's Recommended Decision must include findings of fact and conclusions of law plus an award recommendation. The hearing officer was required to submit his Recommended Decision to the Commissioner of DOTPF to review and issue of a Final Decision. The DOTPF Commissioner could respond to the recommended decision in various ways, but he alone was required and authorized to make the Final Decision.

When Absolute filed its administrative appeal in the name of NPE, Defendant Mark O'Brien ("O'Brien"), as the DOTPF Chief of Contracts, took over administration of the appeal. O'Brien's duties were administrative only; he had no decision-making authority. O'Brien hired

SUMMARY JUDGMENT AGAINST
DEFENDANT MARK O'BRIEN - 3

DAVID E. OLSON, et al, v. MARK
O'BRIEN, et al, Case No. 3:11-cv-00245-JWS

Case 3:11-cv-00245-JWS   Document 138   Filed 03/23/18   Page 3 of 16

William Bankston, an Anchorage attorney, to act as the hearing officer. Bankston conducted a week-long hearing during which fifteen witnesses testified. The hearing officer gave the parties the option of foregoing legal briefs and, instead, making their legal arguments orally. Both parties agreed and all legal arguments (other than on one narrow issue) were presently orally. After the close of the hearing, the hearing officer prepared and submitted his Recommended Decision. The hearing officer's 14-page written decision, with findings of fact and conclusions of law, recommended an award to NPE in the amount of $158,821.

The hearing officer transmitted his Recommended Decision to the Commissioner of DOTPF care of Mark O'Brien. O'Brien was required to deliver it to the Commissioner so the Commissioner could review it and then render a Final Decision. The DOTPF Commissioner at the time was Leo von Scheben. O'Brien <u>never</u> gave the Recommended Decision to Commissioner von Scheben.

Instead of giving the hearing officer's Recommended Decision to the Commissioner, he read it himself. He didn't like the hearing officer's decision; he said it gave him "heartburn." So he sent a series of unsolicited emails to the hearing officer pointedly asking him whether he had given due consideration to the consequences of the appellant's not having attended the prebid site visit. Exhibit A to Marston Declaration. Absolute was not copied on these emails or otherwise informed that O'Brien was going to contact the hearing officer and his that his ruling was mistaken. In the course of this email exchange, which took place weeks, after the hearing, the hearing officer mistakenly suggested to O'Brien that contractors attending the pre-bid site visit had been told they could see bare pan (which would have disclosed the differing site condition) at another location in the building after the site visit was over, but such a disclosure would not have been binding on the bidders. In fact, as the State later admitted, no such offer was ever made. (Had O'Brien not

PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT AGAINST
DEFENDANT MARK O'BRIEN - 4

DAVID E. OLSON, et al, v. MARK
O'BRIEN, et al, Case No. 3:11-cv-00245-JWS

Case 3:11-cv-00245-JWS   Document 138   Filed 03/23/18   Page 4 of 16

MARSTON LEGAL, PLLC
11400 98TH AVENUE NE, SUITE 201
KIRKLAND, WASHINGTON 98033
PHONE: 425.861.5700 • FAX: 425.861.6969

conducted this email exchange on an ex parte basis, the erroneous statement would have been instantly corrected by counsel.)

When O'Brien's emailed suggestions to hearing officer Bankston did result in the hearing officer's issuance of a revised decision reversing his original ruling, he emailed Defendant James Cantor, the Chief Civil Deputy for the State of Alaska, Department of law. Exhibit B to Marston Declaration. This is the document in which O'Brien admitted that the Hearing Officer's ruling had given him "heartburn." O'Brien, not a lawyer and not anyone authorized to render an opinion on the merits of the appeal, expressed to Cantor his *legal* opinions on the validity of Bankston's Recommended Decision. He repeatedly stated what he *personally* was planning on doing in response to the hearing officer's Recommended Decision. He then asked Defendant Cantor to assign to – not the Commissioner – but to him an attorney from his office to assist him. At this moment, Cantor should have reminded O'Brien that what he was proposing was illegal, denied his request, and instructed O'Brien to cease any efforts to influence the outcome of the hearing. Both O'Brien and Cantor had been recipients of an April 26, 2006 Attorney General's Opinion confirming that the AS § 39.52.120(e) "Misuse of Official Position" prohibited State officers such as themselves from directly or indirectly contacting hearing officers or final decision makers for the purpose of influencing their decisions. Exhibit C to Marston Declaration. Instead, Cantor assigned Defendant Richard Welsh to assist O'Brien in responding to the hearing officer's Recommended Decision.

The response O'Brien decided on *without consulting with or speaking to the Commissioner* was to remand the hearing officer's Recommended Decision to the hearing officer with instructions for him to resubmit a revised decision prepared in conformity with his critique . The

PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT AGAINST
DEFENDANT MARK O'BRIEN - 5

DAVID E. OLSON, et al, v. MARK
O'BRIEN, et al, Case No. 3:11-cv-00245-JWS

Case 3:11-cv-00245-JWS   Document 138   Filed 03/23/18   Page 5 of 16

MARSTON LEGAL, PLLC
11400 98TH AVENUE NE, SUITE 201
KIRKLAND, WASHINGTON 98033
PHONE: 425.861.5700 • FAX: 425.861.6969

conclusion of the remand order (entitled "Decision & Order") written by Defendant Welsh under Defendant O'Brien's instructions read:

> In summary, the recommended decision fails to address a number of fundamental issues bearing upon liability and damages. Consequently, we have no choice but to remand this matter with instructions. On remand, we ask the hearing officer to reconsider this matter in light of relevant legal principles and to issue a revised decision conforming to applicable law and this Decision & Order. *Also, when transmitting this revised decision, we ask the hearing officer to attach a complete copy of the contract, the parties' hearing briefs, and all supporting documentary evidence cited in his revised recommended decision.*

Exhibit D to Marston Declaration (emphasis added). This remand order was signed by Commissioner von Scheben before being transmitted to the hearing officer, but Commissioner Von Scheben testified he only signed it because he found the completed document sitting on his desk, where his secretary left such documents, with a request that he sign it. He did, in the manner of a classic "rubber stamp" signature because he admitted he knew nothing about what he was signing.

After numerous inquiries and complaints about why DOTPF was not issuing the hearing officer's recommended decision, the hearing officer himself finally made the decision available Absolute–but along with the remand order criticizing the recommended decision in NPE's favor and directing the hearing officer to revise and resubmit his decision.

Hearing officer Bankston dutifully prepared a revised Recommended Decision (this time entitled, "Hearing Officer's Recommended Decision on Remand"). His revised Recommended Decision grew from the original fourteen pages to thirty-eight pages. It included more detailed findings and conclusions, but otherwise arrived at the same conclusions in NPE's (Plaintiffs') favor. There was one new feature that the hearing officer included in his revised Recommended Decision that wasn't present in the first. He included an initial section captioned, "I The Conduct of the Hearing."

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT MARK O'BRIEN - 6

DAVID E. OLSON, et al, v. MARK O'BRIEN, et al, Case No. 3:11-cv-00245-JWS

MARSTON LEGAL, PLLC
11400 98TH AVENUE NE, SUITE 201
KIRKLAND, WASHINGTON 98033
PHONE: 425.861.5700 • FAX: 425.861.6969

The hearing officer again submitted his revised Recommended Decision to the DOTPF commissioner's office to be transmitted to Commissioner von Scheben for his review and issuance of a Final Decision. But, after reading the final sentence of the remand order (italicized above), which intimated that the authors of the remand order were considering writing their own decision if there was no reversal, Hearing Office Bankston included the following preface to his revised decision:

> The parties called the following testifying witnesses: David R. Olson, Wade Lewis, Wayne Schmidt, Jason Murdoch, Ashlee Stetson, Dan Strucher, Stuart Jacques, Joe Seaman, Dennis Ward, Todd Proffitt, Tom Carson, Michael Lembke, Jason Peterson, Becky Reiche, and Matthew White. The Hearing Officer admitted 87 exhibits.
> The Hearing Officer had the opportunity to weigh the evidence, including the credibility of the witnesses. The Alaska Supreme Court has recognized that there is no substitute for in-person observation of the evidence: [quoted legal authorities omitted]. This first hand role places the hearing officer in an inimitable position: [quoted legal authorities omitted]. Because of this unique position, a hearing officer's decision is to be given deference: [quoted legal authorities omitted].
> After having the opportunity to evaluate the witnesses, evaluate their testimony, and the exhibits presented at the hearing, the Hearing Officer makes the following recommendation on remand to the Commissioner of the Department of Transportation and Public Facilities, and enters the following Findings of Fact and Conclusions of Law and Decision.

Exhibit E to Marston Declaration. The hearing officer's cautionary note fell on deaf ears.

Defendant O'Brien received the hearing officer's thirty-eight page revised decision and effectively discarded it. There was only one thing he could lawfully have done with it, that was deliver it to Commissioner von Scheben for his review and subsequent issuance of a Final Decision. Instead, as before, he withheld it from the Commissioner (and from NPE/Absolute). O'Brien then instructed Defendant Welsh to draft a fraudulent recommended decision for O'Brien denying NPE's appeal. O'Brien would then get Commissioner von Scheben to sign it, rendering it a Final Decision in the same manner he had obtained von Scheben's signature on the remand order.

PLAINTIFFS' MOTION FOR PARTIAL
SUMMARY JUDGMENT AGAINST
DEFENDANT MARK O'BRIEN - 7

DAVID E. OLSON, et al, v. MARK
O'BRIEN, et al, Case No. 3:11-cv-00245-JWS

MARSTON LEGAL, PLLC
11400 98TH AVENUE NE, SUITE 201
KIRKLAND, WASHINGTON 98033
PHONE: 425.861.5700 • FAX: 425.861.6969

MARSTON LEGAL, PLLC
11400 98TH AVENUE NE, SUITE 201
KIRKLAND, WASHINGTON 98033
PHONE: 425.861.5700 • FAX: 425.861.6969

O'Brien's and Welsh's preparation of a remand order, obtaining the commissioner's signature and transmitting it to the hearing officer, obtaining an extension of the hearing officer's contract so he could issue a revised decision, drafting of the revised decision by the hearing officer (slowed his having contracted pneumonia), reviewing the revised decision following remand, and then drafting O'Brien's fraudulent substitute recommended decision was time consuming. Plaintiff David Olson began to suspect that some unidentified State personnel were engaged in some type of misconduct behind the scenes. Concerned, he wrote a letter to then Governor Palin requesting her office investigate. The Governor's office made an effort, but unfortunately they selected Defendant Cantor to conduct the investigate. He did nothing. Cantor claimed (falsely) that it was impossible for anyone to investigate Olson's procedural concerns because "the matter was in litigation." Instead, all just provided Olson's complaint to none other than Mark O'Brien and Richard Welsh.

Assuming (incorrectly) that it was the Commissioner himself who was interfering with his appeal because of a past business dispute with the Commissioner's former engineering firm, Olson (through NPE) requested that Commissioner von Scheben and anyone working with him recuse themselves. The Commissioner recused himself, but—after receiving Cantor's approval—O'Brien and Welsh did not. Commissioner von Scheben signed a formal delegation of authority to make the Final Decision to Deputy Commissioner Frank Richards

Defendant Welsh completed his substitute decision reversing the hearing officer's decision and denying NPE's appeal, but there were some problems with it. The O'Brien/Welsh substitute recommended decision did not use the hearing officer's findings of fact and conclusions of law; it included new, different findings and conclusions that Welsh had drafted. Findings of fact are, as the name implies, facts found from consideration of the testimony presented at the hearing, but

Welsh was not at the hearing and he had not ordered transcripts of the testimony—he was entirely incapable of making genuine findings. What then was the source of his findings? His were, by definition, complete fabrications. On the last day of the hearing, the hearing officer had admitted (over the objection of NPE) the Procurement Officers' decision rejecting NPE's claim, i.e., the document NPE was appealing from. Welsh repeatedly cited this document (Exhibit 87 of the hearing exhibits) as the source for most of his "findings." Exhibit F to Marston Declaration.

Likewise, "conclusions of law" are assessments of what the law requires after giving consideration to the parties' legal arguments. But, at the administrative hearing, the parties' legal arguments were not presented in the form of trial briefs Welsh could have reviewed, but only in closing argument. Because Welsh had never heard NPE's legal arguments, his conclusions of law were necessarily fabrications. Because the substituted recommended decision he prepared was based entirely on these fabrications, any Final Decision adopting it would likewise be a mere fabrication.

O'Brien withheld from both Commissioner von Scheben and Deputy Commissioner Richards the recommended decisions prepared and submitted by hearing officer Bankston. Deputy Commissioner Richards first learned of his appointment while he was on vacation, he had only returned to work one day when O'Brien presented him with the falsified recommended decision he had Welsh prepare. The Deputy Commissioner was denied any opportunity to consider the recommendation presented by the hearing officer. Instead, he was completed with only O'Brien's unauthorized document denying the NPE appeal. Having no basis for doing other than what he had been requested by O'Brien to do, the Deputy Commissioner signed O'Brien's fabricated decision, thus, rendering it the final decision and denying NPE's appeal.

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT MARK O'BRIEN - 9

DAVID E. OLSON, et al, v. MARK O'BRIEN, et al, Case No. 3:11-cv-00245-JWS

**MARSTON LEGAL, PLLC**
11400 98TH AVENUE NE, SUITE 201
KIRKLAND, WASHINGTON 98033
PHONE: 425.861.5700 • FAX: 425.861.6969

Case 3:11-cv-00245-JWS   Document 138   Filed 03/23/18   Page 9 of 16

MARSTON LEGAL, PLLC
11400 98TH AVENUE NE, SUITE 201
KIRKLAND, WASHINGTON 98033
PHONE: 425.861.5700 • FAX: 425.861.6969

O'Brien did one last thing. When he transmitted the "Final Decision" denying NPE's claim to counsel for the State Department of Administration and to counsel for NPE, he sent a blind copy of his decision directly to Vern Jones, the Chief of Contracts at the Department of Administration, who responded "Right on!" Exhibit G to Marston Declaration

This pattern of conduct leaves no room for doubt that O'Brien's intention was to influence the outcome of this appeal by making direct contacts to influence the hearing officer, then the commissioner, and finally the deputy commissioner. This fact was confirmed by the attorney representing his agency when he said in legal brief submitted in State court: "In this case, there is no dispute that Mr. O'Brien did participate with Mr. Richards in the issuing of the final decision, and did influence Mr. Richards." Exhibit H to Marston Declaration, Notice That Mark O'Brien Is Employed by the Alaska Department of Transportation and Public Facilities, p. 1, line 21-22 (1/31/11).

## STATEMENT OF ISSUES

Whether Mark O'Brien in committing one or more of the following acts violated Plaintiffs' rights to Due Process guaranteed by the 14th Amendment to the United States Constitution, Section 7 of the State of Alaska Constitution, and 42 U.S.C. § 1983:

- O'Brien engaged in unsolicited ex parte email contact with hearing officer Bankston for the purpose of influencing his decision in violation of AS § 39.52.120(e) "Misuse of Official Position"

- O'Brien withheld the original Hearing Officer's Recommended Decision from Commissioner Von Scheben for the purpose of influencing his decision in violation of AS § 39.52.120(e) "Misuse of Official Position"

- O'Brien contacted Commissioner Von Scheben to present his own Remand Order for signature for the purpose of influencing his decision in violation of AS § 39.52.120(e) "Misuse of Official Position"

- O'Brien contacted hearing officer Bankston to present the Remand Order for the purpose of influencing his decision in violation of AS § 39.52.120(e) "Misuse of Official Position"

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT MARK O'BRIEN - 10

DAVID E. OLSON, et al, v. MARK O'BRIEN, et al, Case No. 3:11-cv-00245-JWS

- O'Brien Withheld the revised Hearing Officer's Recommended Decision from Commissioner Von Scheben for the purpose of influencing his decision in violation of AS § 39.52.120(e) "Misuse of Official Position"
- O'Brien Withheld the revised Hearing Officer's Recommended Decision from Deputy Commissioner Richards for the purpose of influencing his decision in violation of AS § 39.52.120(e) "Misuse of Official Position"
- O'Brien caused to be prepared a falsified recommended decision with
    - No knowledge of the testimony presented
    - No knowledge of the legal arguments presented
    - Based principally on the underlying Procurement officer's decision, and
    - Based on false ex parte information
- O'Brien contacted Deputy Commissioner Richards to discuss the substance of the appeal for the purpose of influencing his decision in violation of AS § 39.52.120(e) "Misuse of Official Position"
- O'Brien Contacted Deputy Commissioner Richards and presented him with the falsified recommended decision for the purpose of influencing his decision in violation of AS § 39.52.120(e) "Misuse of Official Position"
- O'Brien distributed the falsified recommended decision to the parties as a genuine "Final Decision" while knowing it was obtained in violation of the law

## EVIDENCE RELIED UPON

This motion is based on the Declaration Terry R. Marston II and the exhibits attached thereto.

## ARGUMENT & AUTHORITY

### A. *Summary Judgment Standards*

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Summary judgment is appropriate only when, viewing the evidence in the light most favorable to the nonmoving party, there are no genuine issues of material fact

MARSTON LEGAL, PLLC
11400 98TH AVENUE NE, SUITE 201
KIRKLAND, WASHINGTON 98033
PHONE: 425.861.5700 • FAX: 425.861.6969

with respect to the claims. *Taybron v. City and County of San Francisco*, 341 F.3d 957, 960 (9th Cir.2003). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

> [A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In addition to showing that there are no questions of material fact, the moving party must also show that it is entitled to judgment as a matter of law. *Smith v. University of Washington, Law School,* 233 F.3d 1188, 1193 (9th Cir.2000).

If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Id*. at 325, 106 S.Ct. 2548; *Anderson*, 477 U.S. at 248, 106 S.Ct. 2505.

*B. Guarantees of Due Process: 14th Amendment and Section 7*

Due Process is guaranteed by both the United States and Alaska constitutions:

**United States Constitution, Amendment XIV, Section 1.**

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

**Alaska Constitution, Section 7. Due Process**

MARSTON LEGAL, PLLC
11400 98TH AVENUE NE, SUITE 201
KIRKLAND, WASHINGTON 98033
PHONE: 425.861.5700 • FAX: 425.861.6969

> No person shall be deprived of life, liberty, or property, without due process of law. The right of all persons to fair and just treatment in the course of legislative and <u>executive investigations</u> shall not be infringed.

(emphasis added.)

### C. Remedy for Denial of Due Process – 42 U.S. Code § 1983

Congress enacted 42 U.S. Code § 1983 "Civil action for deprivation of rights" to provide a remedy for denial of due process by individuals acting under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

42 U.S. Code § 1983.

### D. The Process that is "Due" in a State of Alaska Administrative Adjudication is Established by state law

1. Alaska Procurement Code

The Alaska Procurement Code declares that the "hearing officer" shall make a recommended decision to the Commissioner and the "Commissioner" shall make the final decision.

> 36.30.675. Recommended decision and commissioner action
>
> (a) The <u>hearing officer</u> shall <u>recommend a decision</u> to the commissioner of administration or the commissioner of transportation and public facilities, as appropriate, <u>based on the evidence presented</u>. The recommendation must include <u>findings of fact</u> and <u>conclusions of law</u>.
>
> (b) The <u>commissioner</u> of administration or the commissioner of transportation and public facilities <u>may affirm, modify, or reject</u> the hearing officer's recommendation

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT MARK O'BRIEN - 13

DAVID E. OLSON, et al, v. MARK O'BRIEN, et al, Case No. 3:11-cv-00245-JWS

in whole or in part, may remand the matter to the hearing officer with instructions, or take other appropriate action.

### 2. Alaska Ethics Act – Misuse of Official Position

AS 39.52.120 Misuse of Official Position, a part of the Alaska Ethics Act, prohibits public officers from attempting to influence the outcome of an administrative hearing, except in very rare circumstances that do not exist here.

> (e) Except for supplying information requested by the hearing officer or the entity with authority to make the final decision in the case, or when responding to contacts initiated by the hearing officer or the individual, board, or commission with authority to make the final decision in the case, a public officer may not attempt to influence the outcome of an administrative hearing by directly or indirectly contacting or attempting to contact the hearing officer or individual, board, or commission with authority to make the final decision in the case assigned to the hearing officer unless the
>
> > (1) contact is made in the presence of all parties to the hearing or the parties' representatives and the contact is made a part of the record; or
> >
> > (2) fact and substance of the contact is promptly disclosed by the public officer to all parties to the hearing and the contact is made a part of the record.

*E. Application to the Case at Bar*

A guarantee of fair treatment in an adjudication of rights is essential to a system of laws. This principle is recognized and safeguarded in both the federal and state constitutions. The phrase "Due Process" recognizes that in different legal contexts different levels of procedural protections may be due. Therefore, the courts must look first to the procedural safeguards instituted by the States themselves. Here the State of Alaska has confirmed that on contract claims, claimants are entitled to an adversarial hearing, to findings of facts made based on evidence at that hearing, and conclusions of law based on arguments presented by both parties at the hearing. Claimants are entitled to have the recommended decision made by the hearing officer who presided at that

MARSTON LEGAL, PLLC
11400 98TH AVENUE NE, SUITE 201
KIRKLAND, WASHINGTON 98033
PHONE: 425.861.5700 • FAX: 425.861.6969

**MARSTON LEGAL, PLLC**
11400 98TH AVENUE NE, SUITE 201
KIRKLAND, WASHINGTON 98033
PHONE: 425.861.5700 • FAX: 425.861.6969

hearing and a Final Decision rendered by a commissioner who has first reviewed the hearing officer's recommended decision. Finally, under AS 39.52.120 they are entiled to a final decision that has not been tainted by public officers with no decision-making authority who have influenced the outcome of an administrative hearing. In this case, overwhelming evidence demonstrates that Defendant Mark O'Brien repeatedly violated these mandates in his effort to ensure Plaintiffs never had a fair chance of prevailing. In this he denied them due process and rendered himself liable

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request this Court to enter an order granting them partial summary judgment on the issue of the liability of Defendant Mark O'Brien for having violated rights to Due Process in violation of the 14th Amendment to the United States Constitution, in violation of Section 7 of the State of Alaska Constitution, and in violation of 42 U.S.C. § 1983.

Respectfully submitted this 23rd day of March, 2018.

        MARSTON LEGAL, PLLC

        s/ *Terry R. Marston II*
        Terry R. Marston, *pro hac vice*
        WSBA No. 14440
        Attorneys for Plaintiffs Olson and
        Absolute Environmental Services, Inc.

        DEVEAUX & ASSOCIATES

        s/ *L. Eugene DeVeaux*
        L. Eugene DeVeaux
        Alaska Bar No. 7310040
        Attorneys for Plaintiffs Olson and
        Absolute Environmental Services, Inc.

**CERTIFICATE OF SERVICE**

The undersigned certifies that on March 23, 2018 a copy of the foregoing **PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT MARK O'BRIEN** was electronically filed with the Clerk of Court and was served electronically using the CM/ECF system and via USPS on the following parties of record:

Marianna C. Carpeneti
Assistant Attorney General
State of Alaska, Dept. of Law
P.O. Box 110300
Juneau, AK 99811-0300
Telephone (907) 465-3600
Facsimile (907) 465-2520
mari.carpineti@alaska.gov

Attorney for Defendants Richard Welsh and Mark O'Brien

Katherine Demarest
Assistant Attorney General
Alaska Bar No. 1011074
Department of Law
1031 West Fourth Avenue, Suite 200 Anchorage, Alaska 99501
(907) 269-5172
Email: kate.demarest@alaska.gov

Attorney for Jim Cantor

*s/ Tricia Kaminski*_____
Legal Assistant to Terry R. Marston II

**MARSTON LEGAL, PLLC**
11400 98TH AVENUE NE, SUITE 201
KIRKLAND, WASHINGTON 98033
PHONE: 425.861.5700 • FAX: 425.861.6969

PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT MARK O'BRIEN - 16

DAVID E. OLSON, et al, v. MARK O'BRIEN, et al, Case No. 3:11-cv-00245-JWS

Case 3:11-cv-00245-JWS   Document 138   Filed 03/23/18   Page 16 of 16