JAHNA LINDEMUTH
ATTORNEY GENERAL

Marianna C. Carpeneti
(Alaska Bar No. 1302003)
Assistant Attorney General
Department of Law
PO Box 110300
Juneau, AK 99811-0300
Telephone: (907) 465-3600
Facsimile: (907) 465-2520
Email: mari.carpeneti@alaska.gov
*Attorney for Defendant O'Brien*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| DAVID E. OLSON, a resident of Washington, and ABSOLUTE ENVIRONMENTAL SERVICES, INC., an Alaskan Corporation, ) ) ) ) ) | |
| Plaintiffs, ) ) | Case No. 3:11-cv-00245-JWS |
| v. ) ) | |
| MARK O'BRIEN, a resident of Alaska, JAMES CANTOR, a resident of Alaska, RICHARD WELSH, a resident of Alaska, ) ) ) ) | **OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |
| Defendants. ) ) | |

Defendant Mark O'Brien opposes Plaintiffs' Motion for Partial Summary Judgment, which seeks a ruling establishing that he violated AESI's right to due process. Neither the facts nor the law supports Plaintiffs' motion. First, Plaintiffs are not entitled to summary judgment because their factual assertions are supported only by the declaration of counsel: composed of counsel's opinions and legal conclusions, this

declaration is not admissible, even for the purpose of authenticating the documents it attaches. Even if Mr. Marston could authenticate the documents attached to his declaration, those documents do not support Plaintiffs' factual assertions, which are contradicted by the admissible evidence supplied by Defendants in their joint motion for complete summary judgment.[1] Finally, Plaintiffs misstate the law, and fail to explain how Mr. O'Brien deprived AESI of due process.

### A. The Court should disregard Plaintiffs' factual assertions because their sole support, Plaintiffs' counsel's declaration, is not admissible evidence.

#### 1. Mr. Marston's declaration contains only legal conclusions and his own personal opinions, which are insufficient to support a motion for summary judgment.

The factual allegations in Plaintiffs' motion mirror verbatim the declaration of Plaintiffs' counsel Mr. Marston. The Ninth Circuit has long held that an affidavit or declaration containing expressions of opinion and legal conclusions is insufficient to support or defeat a motion for summary judgment: "Indeed, legal conclusions 'are totally ineffectual, and are not to be given any consideration or weight whatsoever.'"[2] Moreover, declarations that are not based upon personal knowledge are not admissible

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

---

[1] All three Declarations and the deposition testimony of Commissioner von Scheben and Deputy Commissioner Richards are hereby incorporated as support for this opposition to Plaintiffs' motion. Docket 140-1 (von Scheben); 140-2 (Richards); 141 (O'Brien), 142 (Welsh), 143 (Cantor).

[2] *Sanders v. Douglas*, 565 F. Supp. 78, 80-81 (9th Cir. 1983) (quoting *G.D. Searle & Co. v. Charles Pfizer & Co.*, 231 F.2d 316, 318 (7th Cir. 1956); *see also Englelhard Indus., Inc. v. Research Instrumental Corp.*, 324 F.2d 347, 351 (9th Cir. 1963) ("Englehard did file two opposing affidavits, but the court was obliged to disregard them for they contained only hearsay and legal conclusions.").

in connection with summary judgment proceedings, because they are hearsay.[3]

Mr. Marston's declaration is replete with legal conclusions and opinions, including the assertions that form the basis of Plaintiffs' due process complaint. This is fatal to Plaintiffs' motion.

Plaintiffs appear to ground their due process claim on the following accusations: that Mr. O'Brien engaged in ex parte contact with the hearing officer;[4] that he "withheld" the hearing officer's recommended decision from the Deputy Commissioner;[5] that he recommended the Deputy Commissioner adopt findings of fact and conclusions of law that were "fabricated;"[6] and that he improperly influenced the Deputy Commissioner.[7] In support for each of those accusations, Plaintiffs provide only Mr. Marston's opinions. Each assertion is false, or at a minimum, obviously disputed.

In paragraph seven, Mr. Marston characterizes Mr. O'Brien's contact with the hearing officer as "ex parte." But as the Superior Court correctly concluded, communications among members of the DOTPF team responsible for making the

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

---

[3] Fed. R. Civ. Proc. 56(e) ("Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify as to the matters stated therein."); *Orr v. Bank of America, NT & SA*, 285 F.3d 764, 773-74 (9th Cir. 2002) ("[D]ocuments authenticated through personal knowledge must be attached to an affidavit that meets the requirements of [Fed. R. Civ. P.] 56(e) and the affiant must be a person through whom the exhibits could be admitted into evidence." (citation and quotation marks omitted)).

[4] Doc. 139, ¶7.
[5] Doc. 139, ¶ 13.
[6] Doc. 139, ¶¶16-17.
[7] Doc. 139, ¶ 20.

decision are not "ex parte."[8] An ex parte communication is one between the decision maker or his or her staff and one party, to the exclusion of the other. That did not occur here.[9] Mr. Marston's characterization is thus an incorrect legal conclusion. It is also unsupported by any admissible evidence; for these reasons, it is not entitled to consideration.

Similarly, Mr. Marston's assertion in paragraphs 13 and 18 of his declaration that Mr. O'Brien withheld the hearing officer's recommended decision is untenable. Mr. Marston did not witness Mr. O'Brien take any such action, and he provides no support for his assertion. But more importantly, this assertion is refuted by the testimony of Commissioner Von Scheben and Deputy Commissioner Richards—both of whom were witnesses to the actions taken by Mr. O'Brien—as well as by Mr. O'Brien's declaration.[10] Because Mr. Marston's assertion is refuted by admissible evidence from persons with personal knowledge of what transpired, the Court should disregard his accusations.

Mr. Marston's allegations in paragraphs 16-17 that Mr. O'Brien, with Mr. Welsh, fabricated findings of fact and conclusions of law fail for similar reasons. Mr. Marston supports these assertions by arguing that because Mr. O'Brien and Mr. Welsh were not at the administrative hearing, they were incapable of drafting findings of fact or

**ATTORNEY GENERAL, STATE OF ALASKA**
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

---

[8]  Doc. 61-1, at 28.

[9]  "A communication between counsel and the court when opposing counsel is not present," Black's Law Dictionary (10th ed. 2014), communication - ex parte communication *available at* Westlaw BLACKS.

[10]  *See* O'Brien Dec. ¶¶4, 20; Doc. 140-1 at 3; Doc. 140-2.

conclusions of law for the Deputy Commissioner. This is Mr. Marston's opinion, not a fact. And this line of reasoning ignores completely Mr. Welsh's declaration that he and Mr. O'Brien incorporated the findings of fact from the documentary record and the hearing officer's recommended decision.[11] Because Mr. Marston's assertions are merely his opinion, and because they are refuted by Mr. Welsh, who has personal knowledge of the process by which the proposed final decision was created, the Court should decline to consider Mr. Marston's allegations.

Finally, Plaintiffs claim that Mr. O'Brien improperly influenced the decision maker.[12] Plaintiffs' support for this contention appears to be the undisputed fact that Mark O'Brien had direct contact with both the Commissioner and the Deputy Commissioner. As Mr. O'Brien stated in his declaration, advising the Commissioner and Deputy Commissioner was a central part of his job.[13] And both Richards and von Scheben confirmed that they relied on Mr. O'Brien's advice.[14] Plaintiffs' argument that their rights were violated because Mr. O'Brien was doing his job is nonsensical, and one to which the Court should not give any weight.

> **2.  To the extent Mr. Marston actually witnessed anything attested to in the declaration, his declaration should be disregarded because it violates the advocate witness rule.**

---

[11]  Welsh Dec. ¶ 15.

[12]  Doc. 139, ¶ 20.

[13]  O'Brien Dec. ¶¶ 4, 10.

[14]  Docket 140-1 and 140-2.

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

<sub>An attorney may not serve as both an advocate and as a witness in a case.[15] This firmly established rule serves to safeguard the integrity of the adversarial system. As the Ninth Circuit has noted, "[E]nforcement of this rule is a matter of institutional concern implicating the basic foundations of our system of justice."[16] In this case, Mr. Marston served as Plaintiffs' counsel when the matter was an administrative appeal, through the Superior Court appeal, and again on appeal to the Alaska Supreme Court. If he wishes to testify regarding matters about which he has personal knowledge, he must do so as a witness, not as counsel for Plaintiffs. As the Ninth Circuit has explained: "Attorneys must elect in which capacity they intend to proceed, either as counsel or as a witness, and promptly withdraw from the conflicting role."[17] Mr. Marston's declaration violates the advocate-witness rule; his testimony is inadmissible and the Court should not consider it.</sub>

### B.  Plaintiffs' motion misstates the process due to AESI and fails to articulate how a due process violation has occurred.

Plaintiffs' argument section—one page—does not explain how a due process violation occurred. It merely outlines the process to which plaintiffs believe AESI was

<sub>
<sub>ATTORNEY GENERAL, STATE OF ALASKA</sub>
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600
</sub>

---

[15]  *U.S. v. Prantil*, 764 F.2d 548, 552-53 (9th Cir., 1985); *see also Lucas v. Breg, Inc.*, 2015 WL 1843028, at 1 (plaintiffs' attorney's declaration in support of a motion, giving his personal knowledge regarding defendants' actions, was irrelevant and violated the advocate-witness rule and was properly struck); *U.S. v. Edwards*, 154 F.3d 915, 922 (9th Cir., 1998) (the advocate-witness rule is crucial to preventing the "fundamental distinctions" between advocates and witnesses).

[16]  *Prantil*, 764 F.2d at 553.

[17]  *Id.*

<sub>
*Olson, et al. v. O'Brien, et al.*                                                               Case No. 3:11-cv-000245-JWS
OPPOSITION TO PLAINTIFFS' PARTIAL MSJ                            Page 6 of 9
</sub>

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

entitled, and concludes summarily that Mr. O'Brien failed to provide due process, thus rendering himself liable. Plaintiffs are incorrect about both the facts and the law.

First, Plaintiffs argue that by providing professional advice in draft documents to his superiors—the Commissioner and Deputy Commissioner of Transportation & Public Facilities—Mr. O'Brien violated the Executive Branch Ethics Act. As Defendants thoroughly explained in their motion for summary judgment, it is not unethical for the decision maker's staff member to advise the decision maker.[18] Mr. O'Brien did not "misuse" his position when he "influenced" the decision maker: he was the decision maker's most senior staff, and sharing his expertise about construction law was his job.

Next, Plaintiffs argue, without citation to authority, that AESI was "entitled to an adversarial hearing, to findings of facts made based on evidence at that hearing, and conclusions of law based on arguments presented by both parties at the hearing," and to "have the recommended decision made by the hearing officer who presided at that hearing and a Final Decision rendered by a commissioner who has first reviewed the hearing officer's recommended decision." Although Plaintiffs provide no authority for the proposition that constitutional due process necessarily entitled AESI to any of this, Defendants agree that at least as a matter of statute and DOTPF procedure, AESI was entitled to an adversarial hearing, findings of fact substantially supported by the evidence from the hearing, and a ruling that was correct on the law. To the extent AESI did not receive any of these things (and AESI received them all), its recourse was an appeal of the Commissioner's factual findings and legal conclusions to the state

---

[18] Defendants' Joint Motion for Summary Judgment, at 25-27.

*Olson, et al. v. O'Brien, et al.*      Case No. 3:11-cv-000245-JWS
OPPOSITION TO PLAINTIFFS' PARTIAL MSJ      Page 7 of 9

Superior Court. This is adequate due process protection for errors at the administrative appeal level.

Due process did not, however, require the Deputy Commissioner to personally review the hearing officer's recommended decision before rejecting it. Plaintiffs cite no constitutional or other authority limiting the decision maker's ability to rely on professional staff and legal counsel to review the hearing officer's recommendations and advise him about the best course of action. And even if Plaintiffs were correct that some undefined precedent required Deputy Commissioner to personally read the recommendation of the hearing officer, the responsibility for that failure would lie with the Deputy Commissioner, not his staff.[19]

For these reasons, Defendant Mark O'Brien respectfully moves the Court for an order denying Plaintiffs' motion.

DATED: April 30, 2018.

                JAHNA LINDEMUTH
                ATTORNEY GENERAL

                By:    s/Marianna Carpeneti
                        Marianna Carpeneti
                        Assistant Attorney General
                        Alaska Bar No. 1302003

ATTORNEY GENERAL, STATE OF ALASKA
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600

---

[19]    Docket 140-2.

## CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2018, a copy of the foregoing was served electronically via ECF on the following parties of record pursuant to the Court's electronic filing procedures:

| | |
|---|---|
| Terry R. Marston<br>MARSTON LEGAL, PLLC<br>11400 98th Avenue N.E., Suite 201<br>Kirkland, WA 98033<br>Email: terry@marstonlegal.com | L. Eugene DeVeaux<br>DEVEAUX & ASSOCIATES<br>701 West 41st Street<br>Anchorage, AK 99503 |
| Wayne Anthony Ross and Mario L. Bird<br>Ross, Miner & Bird, PC<br>327 E. Fireweed Lane, Ste. 201<br>Anchorage, AK 99503 | |

s/ Harry Hale
Harry Hale
Law Office Assistant I

**ATTORNEY GENERAL, STATE OF ALASKA**
Dimond Courthouse
PO Box 110300, JUNEAU, ALASKA 99811
PHONE (907) 465-3600